**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee under Pooling and Servicing Agreement dated as of July 1, 2005 Morgan Stanley ABS Capital I Inc. Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3, | ) ) ) ) ) ) ) ) | No. 12 C 3644 |
| **Plaintiff,** | ) ) | Judge Ronald A. Guzmán |
| v. | ) ) | |
| HERBERT ELESH, | ) ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Deutsche Bank National Trust Company, as trustee of Morgan Stanley ABS Capital I Inc. Trust 2005 HE-3, has filed this suit to foreclose defendant's mortgage. Defendant contends that plaintiff lacks standing to pursue this suit and asks the Court to dismiss it. Because defendant attacks the factual basis of plaintiff's standing, rather than the sufficiency of its jurisdictional allegations, the Court can consider matters outside of the pleadings in deciding this motion. *See Apex Digital, Inc. v. Sears Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

Plaintiff, which has the burden of proof on this issue, has constitutional standing to pursue this suit if it suffered a "concrete and particularized" injury that is traceable to defendant's conduct and is likely to be redressed by a decision in its favor in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff contends that it owns the note defendant gave to his lender, Decision One Mortgage Co., and thus has been injured by defendant's failure to make the payments

due under it.[1] As proof of this proposition, plaintiff points to "the promissory note attached to [its] Complaint," which it says "shows an indorsement in blank." (Pl.'s Resp. Opp'n Mot. Dismiss at 5); *see* 810 Ill. Comp. Stat. 5/3-201, 5/3-204 (defining "indorsement" as "a signature . . . that . . . is made on an instrument" by a person other than its maker or issuer for the purpose of negotiating, *i.e.*, transferring possession of, the instrument to another person); 810 Ill. Comp. Stat. 5/3-205 (stating that an instrument that is not indorsed to a specific person is "indorsed in blank," and "may be negotiated by transfer of possession alone").

In reality, however, the note attached to the complaint is not indorsed at all. Though it contains indorsement language, "pay to the order of (blank) without recourse Decision One Mortgage Company LLC," it is not signed by Decision One. (*See* Compl., Ex. B, Note.) Thus, contrary to plaintiff's claim, the note attached to the complaint is not "indorse[d] in blank."

Plaintiff's explanation for this fact is that "the original [note is] indorsed," but "the signature is not visible in the copy filed" with the complaint. (Pl.'s Resp. Opp'n Mot. Dismiss at 5.) To remedy this problem, plaintiff says, it "has attached a better copy with [its] Response." (*Id.*)

Poor copy quality is not, however, an adequate explanation for the differences between the two versions of the note. For example, on page three of the note attached to the complaint, there is a single, blank signature line under the indorsement language and nothing – not even a shadow or

---

[1] Plaintiff also contends that it owns the mortgage that secures defendant's debt. But, because the mortgage is incidental to the debt, the Court addresses only the debt. *See Moore v. Lewis*, 366 N.E.2d 594, 599 (Ill. App. Ct. 1977) (stating that a debt is assigned, and "the transfer of the debt carrie[s] with it the mortgage security") (citations omitted); *see also In re BNT Terminals, Inc.*, 125 B.R. 963, 970 (N.D. Ill. 1990) ("[A]n assignment of a mortgage without a transfer of the underlying note [is] a nullity."); 27A Chris Gimeno, Kim Simmons, Eric Surette, Lisa Zakolski, Illinois Law & Practice Mortgages § 95 ("An attempt to assign a mortgage without the transfer of the debt will not pass the mortgagee's interest to the assignee . . . .") (footnotes omitted).

2

stray mark – to suggest that something is typed, printed or stamped below it.  (*See* Compl., Ex. B, Note.)  In the "better" copy attached to plaintiff's response, an illegible scrawl appears on the signature line, and beneath it, there is a second line with the words "Ryan Romanelli Asst. Secretary" stamped below it.  (*See* Pl.'s Resp. Opp'n Mot. Dismiss, Ex. B, Note.)  Further, in the poor quality note attached to the complaint, defendant's signature is clear and dark, but in the "better" verison, defendant's signature is quite faint.   (*See* Compl., Ex. B, Note; Pl.'s Resp. Mot. Dismiss, Ex. B, Note.)  Moreover, in the note attached to the complaint, a portion of a stamp that says "True and Certified Copy" is visible in the upper-left-hand corner of the first page, and the word "True" partially obscures the first word of the note.  (*See* Compl., Ex. B, Note.)  The "better" copy bears no evidence of such a stamp, and the first word of the note is perfectly clear.  (*See* Pl.'s Resp. Mot. Dismiss, Ex. B, Note.)  Given these discrepancies and plaintiff's failure to submit any other proof that it was injured by defendant's default on the note, the Court will hold an evidentiary hearing to determine whether plaintiff has standing to pursue this suit.

**SO ORDERED.**                                            **ENTER: April 25, 2013**

									_____
									**HON. RONALD A. GUZMAN**
									**United States District Judge**