**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Deutsche Bank National Trust Company,** | ) ) ) | |
| **Plaintiff,** | ) ) | No. 12 C 3644 |
| v. | ) ) | Judge Ronald A. Guzmán |
| **Herbert N. Elesh,** | ) ) | |
| **Defendant,** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Deutsche Bank National Trust Company, as trustee of Morgan Stanley ABS Capital I Inc. Trust 2005 HE-3, has filed this suit to foreclose defendant's mortgage. Defendant contends that plaintiff lacks standing to pursue this suit and asks the Court to dismiss it. Because defendant attacks the factual basis of plaintiff's standing, rather than the sufficiency of its jurisdictional allegations, the Court can consider matters outside of the pleadings in deciding this motion. *See Apex Digital, Inc. v. Sears Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). Plaintiff, which has the burden of proof on this issue, has constitutional standing to pursue this suit only if it suffered a "concrete and particularized" injury that is traceable to defendant's conduct and is likely to be redressed by a decision in its favor in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

With respect to that issue, plaintiff alleges that it owns the promissory note defendant gave to his lender, Decision One Mortgage Co., and thus has been injured by defendant's failure to make the payments due under it. As proof of this contention, plaintiff attached to its complaint what it claims is a true copy of the promissory note bearing an indorsement in blank. However, the note attached to the complaint bears no indorsement whatsoever as the purported indorsement language is not signed by the original owner or anyone else. In response to defendant's motion to dismiss, plaintiff submitted what it represents is a better copy of the original note. However, the "better

copy," though it contains a purported signature, differs in a number of respects from the alleged true copy attached to the complaint. To allow plaintiff an opportunity to clear up the inconsistencies and establish ownership of the promissory note upon which its standing depends, the Court ordered an evidentiary hearing.

The only evidence plaintiff offered at the hearing was the testimony of one witness from the servicer of the note, Ocwen Loan Servicing. The witness had no personal knowledge of whether, when or by whom the contested note was indorsed or any other aspect of the transactions underlying this suit. Moreover, her testimony that Ocwen has a practice of seeking indorsements for notes without them is vitiated by her belief that an indorsement is a rubber stamp of the phrase "pay to the order of" rather than a signature by the obligee of the note.

For these reasons and those stated in open court, the Court finds that plaintiff has failed to establish that: (1) the purported original promissory note is authentic; (2) the note was properly indorsed by an agent of the obligee; or (3) that, when plaintiff filed this suit, it possessed or owned the original promissory note. Because plaintiff has failed to establish that it was injured by defendant's default on the note, it does not have standing to pursue this suit. Accordingly, the Court grants defendant's motion to dismiss [40] and dismisses this suit for lack of subject matter jurisdiction. The Court strikes as moot defendant's motion to strike [45] and plaintiff's motions for summary judgment, to appoint a special commissioner and to reassign [51, 54 & 60].

**SO ORDERED**          **ENTER:** May 21, 2013

_____
**RONALD A. GUZMÁN**
**United States District Judge**